AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| In the Matter of the Search of ) <br> *(Briefly describe the property to be searched* ) <br> *or identify the person by name and address)* ) <br> TARGET PREMISES 1 ) <br> ) <br> ) | Case No. 3:23-mj-93 (MEG) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Connecticut _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1 for "Target Premises 1" which is expressly incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-1 for "Target Premises 1" which is expressly incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before   February 21, 2023    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. Maria E. Garcia, U.S.M.J.   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   02/07/2023 5:01 pm        *Maria E. Garcia*   Digitally signed by Maria E. Garcia
                                                                      Date: 2023.02.07 17:01:40 -05'00'
                                                                  *Judge's signature*

City and state:   New Haven, CT                    Hon. Maria E. Garcia, United States Magistrate Judge
                                                                  *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                                           _____<br>                                                           *Executing officer's signature*<br><br>                                                           _____<br>                                                           *Printed name and title* |

## ATTACHMENT A-1

## DESCRIPTION OF PREMISES TO BE SEARCHED

The property to be searched is 54 SOUTH AVE, MERIDEN, CONNECTICUT, 06451 ("**TARGT PREMISES 1**") (depicted in the photograph below), including the surrounding grounds, any garages, sheds, storage rooms, storage lockers, trash containers, and any out-buildings located thereon. The building is a two-story residential, single-family residence with the number "54" posted on both sides of the stairs that lead to the front door. The residence has gray/light blue colored siding at the top and dark colored brick at the bottom. The door to the residence is red, with a white storm door, and the mailbox is posted on the residence to the right of the door. There appears to be a surveillance camera mounted to the left side of the residence with a cable dish above it on the roof. The main entrance is located on South Ave.



## ATTACHMENT B-1

## ITEMS TO BE SEIZED FROM TARGET PREMISES 1

1. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) (Possession with Intent to Distribute Controlled Substances) and 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment Money Laundering), regarding the narcotics trafficking and financial activities of MIGUEL ACEVEDO ("ACEVEDO"), and the operation of ACEVEDO DETAILING AND CAR SALES LLC ("ACEVEDO DETAILING") by ACEVEDO or any entities to which he has a financial, fiduciary, or ownership interest, including:

   a. Controlled substances, including but not limited to heroin, cocaine, cocaine base, and residue of heroin, cocaine, and cocaine base;

   b. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, including but not limited to scales, funnels, sifters, grinders, glass panes, mirrors, razor blades, plastic bags, heat sealing devices, and diluents such as mannitol mannite, vitamin B-12, inositol, etc;

   c. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances, including computerized records of same;

   d. Personal books and papers reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances or the laundering of the proceeds thereof, including computerized records of same;

   e. Items of personal property that pertain to the identity of the person(s) within the premises and occupancy, control, or ownership of the premises, including but not limited to

cancelled mail, deeds. leases, rental agreements, photographs, video tapes, personal telephone books, diaries, utility and telephone bills, bank statements, identification documents, and keys;

    f.  Documents indicating interstate travel, to include airline tickets, notes and travel itineraries, airline schedules, bills, charge card receipts, hotel, motel and car rental statements, correspondence with travel agencies and other travel-related businesses, airline, rental car, and hotel receipts, frequent flyer or user cards and statements, telephone bills, photographs/video tapes, and other papers relating to domestic and international travel, including computerized records;

    g.  Cellular/digital wireless telephones, and "smart" cellular telephones, electronic paging devices, speed dial telephones, electronic speed dialing devices, electronic personal organizers, caller identification memory devices as well as the telephone numbers stored within, telephone answering machines, and telephone answering machine tapes;

    h.  Safes, lock boxes and other containers in which any of the above items may be contained or concealed, as well as keys therefor and records pertaining thereto, together with the contents thereof, including any of the above items contained therein;

    i.  Firearms and ammunition;

    j.  Records of banking, financial, and investment accounts for ACEVEDO and ACEVEDO DETAILING, including statements, checks, check stubs or registers, deposit slips and deposit items, withdrawal slips, cancelled checks, cashier's checks, money orders, wire transfer documents, loan records, mortgage records, financial statements, credit card statements, safe deposit box rental and payment documents, and safe deposit box keys;

k.  Any and all business records, including general ledgers and subsidiary ledgers, cash receipts journals, cash disbursement journals, petty cash journals, appointment books, calendars, passbooks, invoices, written estimates, receipts, contracts, agreements, customer ledger cards, purchases journals, advance payment ledgers, accounts payable ledgers, accounts receivable ledgers, correspondence, point-of-sale (POS) system hardware and records, computerized bookkeeping software and files;

l.  Any and all copies of and/or original federal and state income tax, payroll tax, sales tax, and informational returns, including amended federal and state income tax, payroll tax, and sales tax returns, as well as any and all records used in, or resulting from, the preparation and filing of federal and state income tax, payroll tax, and sales tax returns, consisting of but not limited to work-papers, notes, papers, memoranda and correspondence;

m. Any and all records of income and expenses, such as profit and loss statements, financial statements, balance sheets and income and expense journals, and documents pertaining to cash expenditures;

n.  Records relating to the scheduling and booking of clients, as well as the purchase and sale of any vehicles, including event calendars, all forms of correspondence with customers, contracts, purchase and sale agreements, non-disclosure agreements, emails, notebooks, and memoranda;

o.  Loan records, including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record

disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda;

      p.   Records related to the potential or actual purchase and/or sale of businesses, including estimates of revenue and income, contracts, purchase and sale agreements, appraisals, inventories, representation agreements, non-disclosure agreements, correspondence, emails and memoranda;

      q.   Credit card records, including application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and methods (cash or check) of repayment, checks used to make repayments (front and back);

      r.   Records of purchases of bank checks, cashier, teller, travelers check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders;

      s.   Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through a bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions; and

      t.   Records and tangible items related to the source, collection, use and/or secretion of assets or cash, including cash and United States Currency in excess of $2,000.